UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
TROY D. BENNETT,

               Plaintiff,                                **ORDER**

              - v -                                    16-CV-6653 (KAM) (PK)

CITY OF NEW YORK, et al.,

               Defendants.
------------------------------------------------------------X

**Peggy Kuo, United States Magistrate Judge:**

       On November 28, 2016, Plaintiff Troy D. Bennett, currently incarcerated at the Anna M. Kross Center ("AMKC") on Rikers Island, filed this *pro se* action against the City of New York and a number of other institutional and individual defendants, alleging the violation of Plaintiff's civil rights pursuant to 42 U.S.C. §§ 1981, 1983, 1985, 1986, 1987, 18 U.S.C. §§ 241, 242, and 1001, the United States Constitution, and the Civil Rights Act of 1871.

       On April 21, 2017, Plaintiff's motion to proceed *in forma pauperis* was granted. Some of Plaintiff's claims were dismissed, and Plaintiff was granted leave to file an Amended Complaint within 30 days to support some of Plaintiff's other claims. Because Plaintiff did not then file an Amended Complaint, on May 25, 2017, the remainder of Plaintiff's Complaint was dismissed <u>with the exception of</u> the claims against Sergeant Larry Meyers, Officer Krystal Class, Correction Officer Brown, and Captain Givens ("Defendants"). The United States Marshals Service was directed to serve the summonses and the Complaint upon Defendants without the prepayment of fees.

       The United States Marshals Service cannot serve the Defendants without further identifying information, however. The problem encountered by Plaintiff is a common one, as it is frequently difficult for a *pro se* litigant to fully identify individual law enforcement officers. In *Valentin v. Dinkins*, 121 F.3d 72 (2d Cir. 1997) (*per curiam*), the Second Circuit made clear that a *pro se* litigant is entitled to assistance from the district court in identifying such a defendant.

Accordingly, the Court hereby requests the Corporation Counsel for the City of New York to ascertain the full names of Defendants Meyers, Class, Brown, and Givens, and to provide within 45 days from the date of this Order the addresses where each Defendant can be served. Corporation Counsel need not undertake to defend or indemnify these individuals at this juncture. This Order merely provides a means by which Plaintiff may name and properly serve these Defendants as instructed by the Second Circuit in *Valentin*.  Once this information is provided, Plaintiff's Complaint shall be deemed amended to reflect the full name and badge number of these officers, an amended summons shall be issued, and the Court shall direct service on the Defendants.

The Clerk of Court shall serve a copy of this Order and a copy of the Complaint on the Corporation Counsel for the City of New York, Special Federal Litigation Division.

**SO ORDERED:**

*Peggy Kuo*
PEGGY KUO
United States Magistrate Judge

Dated: Brooklyn, New York
June 12, 2017